**Mark D. Alleman,** OSB No. 981745, alleman@ahmrt.com
**Christopher S. Tuttle,** OSB No. 993858, tuttle @ahmrt.com
**Per J. Enfield,** OSB No. 083157, enfield@ahmrt.com
Alleman Hall McCoy Russell & Tuttle LLP
806 SW Broadway, Suite 600
Portland, OR 97205
Telephone: (503) 459-4141
Facsimile: (503) 459-4142

Attorneys for Plaintiff

FILED'11 FEB 16 15:28USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

CV'11-3016 PA

| | |
|---|---|
| **T.M. Designworks, LLC,**<br>an Oregon corporation, | Case No. _____ |
| Plaintiff, | |
| vs. | **COMPLAINT FOR**<br>**TRADE DRESS INFRINGEMENT**<br>**(15 U.S.C. § 1125(a))**<br>**DEMAND FOR JURY TRIAL** |
| **Scott U.S.A. Inc.,**<br>a Delaware corporation, and<br>**Acerbis Italia S.p.A.**<br>an Italian corporation<br>**Acerbis USA Inc.**<br>an Idaho corporation | |
| Defendants. | |

Plaintiff T.M. Designworks, LLC, by and through its attorneys, hereby alleges the following:

**COMPLAINT**
Page 1 of 9

## JURISDICTION AND VENUE

1. This is a civil action for trade dress infringement based on Defendants' sale of motorcycle chain guard products that are confusingly similar to Plaintiff's motorcycle chain guard products and associated trade dress. The Plaintiff seeks damages and injunctive relief for the Defendants' unlawful acts. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. 1121 and 28 U.S.C. §§ 1331 and 1338.

2. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c). On information and belief, Defendants have engaged in the complained of activities in this Judicial District.

## THE PARTIES

3. Plaintiff T.M. Designworks, LLC ("T.M. Designworks") is an Oregon corporation having its principal place of business at 255 E. Barnett Rd., Medford, Oregon 97501.

4. On information and belief, Defendant Scott U.S.A., Inc. ("Scott") is a Delaware corporation having a principal place of business at 110 Lindsay Circle, Ketchum, Idaho 83340.

5. On information and belief, Defendant Acerbis Italia S.p.A. ("Acerbis") is an Italian corporation having a principal place of business at Via Serio 37, 24021 – Albino (BG) Italy.

6. On information and belief, Defendant Acerbis USA Inc. ("Acerbis USA") is an Idaho corporation having a post office address of PO Box 2030, Sun Valley, ID 83353, having the following designated registered agent for service of process: CT Corporation System 1111 W Jefferson Suite 530 Boise, ID 83702.

7. Plaintiff T.M. Designworks is informed and believes, and on that basis alleges, that Defendants Scott, Acerbis, and Acerbis USA have ongoing and systematic contacts with this

Judicial District, and have placed the products accused of infringement herein into the stream of commerce knowing and expecting that such products would end up in this Judicial District.

## ALLEGATIONS

### Plaintiff T.M. Designworks and its Asserted Trade Dress Rights

8.  Plaintiff T.M. Designworks is engaged in the design, manufacture, and sale of motorcycle related products, including motorcycle chain guides. T.M. Designworks pioneered the solid-body, all plastic motorcycle chain guide market by introducing the industry's first solid body chain guide at least as early as 2002. T.M. Designworks' unique chain guides are purchased by customers to replace manufacturers' stock chain guides on off-road motorcycles, often when those stock chain guides break during use.

9.  Upon information and belief, T.M. Designworks was the first in the industry to sell motorcycle chain guides of an all plastic unibody construction, and was also the first to offer such chain guides in colors other than original equipment white. Upon information and belief, T.M. Designworks sold its plastic unibody chain guides in a distinctive blue color at least as early as 2004.

10. T.M. Designworks' pioneering chain guides have received significant unsolicited media coverage in trade magazines such as <u>Dirt Bike</u>, <u>Dirt Rider</u>, and <u>Motocross Action</u>, in both the hardcopy magazines and on these magazines' websites. T.M. Designworks' unique chain guides in a variety of colors have been featured or shown in photographs in multiple issues of one or more of these magazines every year since at least as early as 2004.

11. T.M. Designworks' chain guides have received multiple unsolicited industry awards. For example, T.M. Designworks' chain guide products were named a "Hall of Fame Product" by <u>Dirt Bike</u> magazine in its August 2004 issue, and a "Top 20 Product for 2005" by the same magazine in its November 2005 issue. T.M. Designworks' chain guides have also received widespread acceptance by many professional off-road motorcycle teams in the United States and worldwide, and have been used by such professional teams as Yamaha, Kawasaki and Suzuki.

12. Upon information and belief, T.M. Designworks presently enjoys approximately 80% market share in the aftermarket off-road motorcycle chain guide market.

13. Upon information and belief, as early as 2004 T.M. Designworks began promoting and selling motorcycle chain guides in a distinctive blue color, and has continuously sold and advertised such blue chain guides since that time. T.M. Designworks began selling its Model RCG-YZ2 rear chain guides in the same distinctive blue color (the "T.M. Designworks Chain Guide") at least as early as June 2008, and has advertised and sold the T.M. Designworks Chain Guide continuously since its introduction. A photograph of a T.M. Designworks Chain Guide as installed on a motorcycle is shown in attached Exhibit 1.

14. The overall appearance of the T.M. Designworks Chain Guide functions as product configuration trade dress ("T.M. Designworks Product Configuration Trade Dress") that consumers uniquely have come to associate with T.M. Designworks. Through significant sales success, advertising, promotion and unsolicited media coverage, the T.M. Designworks Product Configuration Trade Dress has acquired distinctiveness, and come to be associated by consumers with T.M. Designworks as a single source of motorcycle chain guides.

15. The unique overall design and configuration of the T.M. Designworks Product Configuration Trade Dress, including its distinctive blue color, are not dictated by functional concerns and provide no particular utilitarian advantage. The particular combination of design features and distinctive color of the T.M. Designworks Product Configuration Trade Dress is not essential to the product's use, as evidenced by the numerous and notably different alternative designs and colors for motorcycle rear chain guides that are widely available.

16. T.M. Designworks' protected combination of unique color and physical configuration gives the T.M. Designworks Product Configuration Trade Dress an individual distinction that Defendants and other competing brands can readily do without. T.M. Designworks' trade dress rights in this particular combination of design and color do not hinder the competition, and do not deprive competitors of any reasonable right or competitive need.

17. On November 28, 2006, the United States Patent and Trademark Office duly and legally issued U.S. Patent Number D532,720 ("U.S. D532,720") to T.M. Designworks as the assignee. Attached hereto as Exhibit 2 is a true and correct copy of U.S. D532,720. T.M. Designworks is the owner of the entire right, title and interest in and to U.S. D532,720.

18. U.S. D532,720 claims "the ornamental design for a motorcycle chain guide", which is shown and described in U.S. D532,720.

19. The ornamental design depicted in U.S. D532,720 is very similar to the T.M. Designworks Product Configuration Trade Dress.

20. Design patents are granted only for designs that are ornamental, and not primarily functional. The existence of the U.S. D532,720 design patent further demonstrates that the unique configuration of the T.M. Designworks Product Configuration Trade Dress is ornamental

to a degree sufficient to support product configuration trade dress rights, and is not merely dictated by functional considerations.

**Defendants' Infringing Activities**

21.  On information and belief, Defendants are engaged in the business of manufacturing, distributing, and/or selling motorcycle chain guide products within the United States. On information and belief, Defendants' chain guide products are sold in this Judicial District and otherwise Defendants have business contacts in this Judicial District.

22.  On information and belief, subsequent to T.M. Designworks' sales, advertising and promotion of the T.M. Designworks Chain Guide as alleged above, and with actual knowledge of such sales, advertising and promotion, and with the intent to misrepresent the source of Defendants' goods, Defendants sold, advertised and promoted motorcycle chain guide products embodying trade dress confusingly similar to the T.M. Designworks Product Configuration Trade Dress.

23.  On information and belief, Defendants have sold and currently sell in interstate commerce Acerbis Product No. 217911-0003 motorcycle rear chain guides (the "Acerbis Chain Guide").

24.  The overall visual impression of the Acerbis Chain Guide is confusingly similar to the unique design of the T.M. Designworks Product Configuration Trade Dress as embodied in the T.M. Designworks Chain Guide. Representative photographs of a T.M. Designworks Chain Guide and Defendants' infringing Acerbis Chain Guide are attached hereto as Exhibit 3.

25.  Defendants have no consent, license, approval or other authorization to use T.M. Designworks Product Configuration Trade Dress in connection with Defendants' products.

## FIRST COUNT – TRADE DRESS INFRINGEMENT

26. T.M. Designworks hereby incorporates paragraphs 1 through 25, inclusive, herein by reference.

27. On information and belief, Defendants Scott, Acerbis, and Acerbis USA have knowingly manufactured, promoted and sold, and continue to manufacture, promote and sell, certain chain guide products having an overall appearance that is confusingly similar to T.M. Designworks Product Configuration Trade Dress. Defendants' infringing chain guide products include products designated as Acerbis Product No. 217911-0003.

28. Defendants' use of T.M. Designworks Product Configuration Trade Dress as alleged above is likely to confuse, mislead, or deceive customers and purchasers as to the origin, source, sponsorship, or affiliation of Defendants and T.M. Designworks and/or Defendants' products and T.M. Designworks' products, and is likely to cause such people to believe in error that Defendants' products have been authorized, sponsored, approved, endorsed or licensed by T.M. Designworks or that Defendants are in some way affiliated with T.M. Designworks.

29. Defendants' acts constitute product configuration trade dress infringement in violation of 15 U.S.C. § 1125(a).

30. By reason of Defendants' actions, T.M. Designworks has suffered irreparable harm to its valuable product configuration trade dress and associated goodwill. T.M. Designworks has no remedy at law that will compensate it for the continued and irreparable harm that will be caused if Defendants' acts are allowed to continue.

31. T.M. Designworks has been damaged by infringement of its product configuration trade dress by Defendants in an amount to be determined at trial, such damages including all of

Defendants' profits from the infringement alleged herein. Furthermore, by these infringing acts, each Defendant has irreparably injured T.M. Designworks and such injury will continue unless Defendants are enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, T.M. Designworks prays for judgment against Defendants as follows:

A.   That Defendants be adjudged to have violated 15 U.S.C. § 1125(a), that T.M. Designworks has been damaged by such violations, and that Defendants are liable to T.M. Designworks for such violations;

B.   For an award of T.M. Designworks' damages trebled or, alternatively, an award of Defendants' wrongful profits trebled, whichever is greater, pursuant to 15 U.S.C. § 1117(a);

C.   That this case be deemed "exceptional" under 15 U.S.C. § 1117(a), and that T.M. Designworks' be awarded its reasonable attorney fees;

D.   For an award of T.M. Designworks' costs and disbursements incurred in this action;

E.   For an Order requiring Defendants to file with the Court and to provide T.M. Designworks an accounting of all sales and profits realized by Defendants through the use of T.M. Designworks Product Configuration Trade Dress;

F.   That Defendants, their subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation with such Defendants, be preliminarily and permanently enjoined from infringing T.M. Designworks Product Configuration Trade Dress;

G.  For an Order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the mistaken impression that a product manufactured, promoted or sold by Defendants is authorized by T.M. Designworks or related in any way to T.M. Designworks Product Configuration Trade Dress;

H.  For an award of interest, including pre-judgment interest, on the foregoing sums;

I.  Judgment, relief, and requests as set forth in this Complaint.

J.  All such other, further, and different relief as the Court deems proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to FED. R. CIV. P. 38(b), Plaintiff T.M. Designworks hereby demands a trial by jury of all issues so triable.

Dated: February 16, 2011

Mark D. Alleman, OSB No. 981745
Christopher S. Tuttle, OSB No. 993858
Per J. Enfield, OSB No. 083157

(503) 459-4141
(503) 459-4142 (FAX)

Attorneys for Plaintiff T.M. Designworks, LLC.